Dear Mr. Thompson,
Based on your opinion request, I have researched the following issues concerning the commissioning and authority of state levee district police officers:
(1) What authority do state levee district police possess based upon the enclosed commission identification card that is issued to such peace officers by statute from the Louisiana Department of Public Safety and Corrections, Office of State Police which indicates that these police officers are commissioned under R.S. 40:1379.1 and R.S. 38:326 and such commission remains valid until termination of employment?
(2) When exercising statewide police authority outside of their district in furtherance of their mission are these police officers acting under the auspices of the Louisiana State Police according to their special officers' commissions?
(3) May these police officers write and execute lawful search warrants and arrest warrant in furtherance of their mission according to their statewide authority under R.S. 40:1379.1?
In reference to issue one, we observe that levee district police officers may be employed by a levee district pursuant to La.R.S. 38:326. Under this statute, "[e]ach such person named as a police officer by the president of the levee district . . . shall be commissioned as a peace officer by the Department of Public Safety and Corrections." La.R.S. 38:326(A). This statute further provides that *Page 2 
Levee District Police Officers "are responsible for maintaining order and exercising general police power on and off the levees,within the area of the levee district or levee and drainagedistrict, and upon its surrounding waters."Id. (emphasis added). In addition, the law states that Levee District Police Officers "shall have the right to exercise the power of arrest as peace officers, according to law,within the area of their jurisdiction as provided herein."Id. (emphasis added).
Thus, levee district police officers possess the authority to maintain order and exercise general police power on and off the levees, within the area of the levee district and upon that district's surrounding waters. This authority includes the power to effect arrests as peace officers, according to law, but only within the area of their jurisdiction.
This office notes that your inquiry in this respect has been answered several times before in formal opinions. See La. Atty. Gen. Op. Nos. 93-719, 93-771, 96-22, and 98-154. In these previous opinions, this office, under prior administrations, has consistently concluded that levee district police officers have jurisdiction only within the geographic boundaries of the levee district, whether on or off levee district property or on adjacent waterways. We see no reason to stray from that conclusion.
You indicate that the commission cards issued to your officers by the State Police make reference to La.R.S. 40:1379.1 as a possible basis for the exercise of statewide peace officer authority by levee district police. In our opinion, however, this apparently stray reference cannot expand your officers' geographic jurisdiction. R.S. 40:1379.1 does authorize the Superintendant of the State Police to issue special commissions that have state-wide police power. But the only way to receive that state-wide authority would be to make an application for a "special officer commission" under R.S. 40:1379.1 and meet all of the requirements thereof — namely the showing of a Aneed for state-wide police power and power to arrest,@ proof of proper bonding, and adherence to any restrictive stipulations set forth in the commission. La.R.S. 40:1379.1 (A).
By contrast, the levee district police authority is granted by R.S. 38:326, not R.S. 40:1379.1. In other words, R.S. 38:326 is sufficient authority for the Office of State Police to issue to commissions to designated police officers of the various levee districts throughout this state. A levee district police commission issued pursuant to this statute is limited as provided therein to jurisdiction over areas within the levee district boundaries and adjacent waters. In the opinion of this office, the state police should issue commissions to levee district police officers according to R.S. 38:326, without reference to R.S. 40:1379.1. Given the specific limitations of authority and jurisdiction set forth in R.S. 38:326, it is doubtful that the legislature intended each levee district police officer to have state-wide police power as authorized by R.S. 40:1379.1. The mere reference *Page 3 
to R.S. 40:1379.1 in a levee district police officer's commission issued by the state police in our view cannot expand the jurisdiction of levee district police officers beyond that the prescribed by R.S. 38:326, which specifically delineates the jurisdictional limitations of the levee district police.
In reference to issue two, as discussed above, it is the opinion of this office that the special officer's commission issued to a levee district police officer under R.S. 38:326 does not bestow statewide police power. The peace officer authority granted to a levee district police officer under this standard commission is limited to (a) the jurisdictional boundaries of the levee district, and (b) the general police powers of the levee district, as set forth in La.R.S. 38:326. As this office informed you over ten years ago, the issuance of a commission by the state police superintendent to a levee district police officer does not convert the levee district police officer into a state trooper. See
La. Atty. Gen. Op. No. 98-154. We wrote there that "a levee board police officer has the same powers as a state police trooper within the jurisdiction of the levee district. However, the state police are a distinct group which enjoys nearly unrestricted state-wide police power, and having the same authority does not equal `the same as'. . . ." Id. We confirm our adherence to this opinion.
Along similar lines, a distinction was made there between the respective jurisdictional limits of levee district police officers and municipal or parish peace officers. This office concluded that "levee district police are a distinct group of peace officers who, although they have a power analogous to state police officers within the districts, would not be construed to be either city, parish, or state peace officers. Rather, they are a specially-created group with limited jurisdiction and authority."Id. This conclusion remains valid today.
In reference to issue three, the ability to apply for a search warrant or an arrest warrant is a general police power. Therefore, levee district police may apply for such warrants while acting on levee district business within the levee district's jurisdictional boundary.
Very truly yours,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
BY:__________________________ STEPHEN C. MARTIN ASSISTANT ATTORNEY GENERAL
SCM:jy